IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE LLOYD B. MAYNARD, | : | |
| | : | Case No. 14-CV-2649 |
| Debtor, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| & | : | |
| | : | |
| DAVID M. WHITAKER & ASST. US TRUSTEE (COL), | : | |
| | : | |
| Trustees. | : | |

**OPINION & ORDER**

Before the Court is attorney for Plaintiff-Debtor Lloyd B. Maynard ("Debtor") Michael Wm Warren's unopposed Motion to Withdraw the Reference of the case styled *In re Lloyd B. Maynard* now pending in the United States Bankruptcy Court for the Southern District of Ohio, No. 14-55375 (Doc. 1). For the reasons that follow, the Court **GRANTS** the Motion.

**I. BACKGROUND**

Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 30, 2014. (Tr.'s Mot. to Review Att'y Fees, Order Fees Returned to Debtor, and to Cancel the Fee Agreement between the Debtor and His Counsel, Doc. 1-2 at 2.) At the September 4, 2014 Meeting of Creditors for the matter, Trustees learned that in April of 2013, Debtor entered into a fee agreement at the suggestion of Warren, exchanging as barter Debtor's 2003 Honda VTX 1800 Motorcycle at an agreed upon value of $3,290 for Warren's legal services. (*Id.*) United States Trustee Daniel M. McDermott ("McDermott") believes that the bargain overcompensates Warren for his services, and McDermott filed an October 15, 2014 motion alleging as much in the bankruptcy court. (*Id.* at 1.) McDermott alleges both that Debtor's

1

bankruptcy case was ordinary and unremarkable and that the value of the motorcycle is somewhere between $5,000 and $5,800 based on McDermott's independent research. (*Id.* at 2-3.) McDermott's motion to review attorney fees asks the bankruptcy court to order Warren to refund to Debtor "at least a percentage of the difference between the bartered value, actual value of services, and actual market value of the motorcycle." (*Id.* at 4.) The motion also asks the bankruptcy court to cancel the fee agreement between Warren and Debtor. (*Id.*)

Warren asserts that Debtor's case was extraordinary and that the motorcycle was fairly valued at $3,290 at the time of barter. (Objection to Tr.'s Mot. to Review Att'y Fees, Order Fees Returned to Debtor, and to Cancel the Fee Agreement between the Debtor and His Counsel, Doc. 1-5 at 1-2.) Warren argues that the bankruptcy case was extraordinary because it included the following issues: (1) a self-employed debtor; (2) a non-filing spouse: (3) household income above average for a household of two; (4) a business, non-consumer case; (5) multiple real estate; (6) rental income; (7) assets with non-exempt equity for the Trustee to examine and potentially administer; (8) representation longer than 18 months. (*Id.* at 1.) Warren further argues that facts will reveal the agreed-upon value of $3,290 to be not only appropriate but in favor of Debtor. (*Id.* at 2.) Warren billed Debtor $240 per hour for attorney work and $120 per hour for assistant work. (Doc. 1-2 at 3.) Warren avers that he has recorded all time and expenses contemporaneous with activity in the matter and that, at his stated rate, the total billed to date is $4,771.78. (Doc. 1-5 at 1.) Warren contends that this total is higher than some Chapter 7 cases due to the case's myriad and complex issues. (*Id.*)

Before filing his objection to the Trustee's motion to review fees in the bankruptcy case, Warren avers that he twice tried to meet with the Trustee's attorney to discuss the matter, but was "rebuffed." (Doc. 1 at 2.) In response, Warren served interrogatories and other basic

Case: 2:14-cv-02649-ALM Doc #: 2 Filed: 04/13/16 Page: 3 of 6  PAGEID #: 49

discovery on the Trustee in order to prepare for an eventual hearing. (*Id.*) The Trustee responded by asserting privilege for discovery afforded him and all other employees of the United States Department of Justice, pursuant to 28 C.F.R. § 16.21 *et seq.* Warren then filed the instant motion, contending that "[e]very party to every court proceeding should have the due process right to conduct discovery," which has been denied or otherwise frustrated by the Trustee's assertion of privilege (*Id.*)

## II. ANALYSIS

### A. Standard

28 U.S.C. § 157(d) is a two-sentence statute setting forth two scenarios in which a district court will withdraw the reference of a bankruptcy case from the bankruptcy court, removing that case to the district court. The first sentence provides for permissive withdrawal, stating that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The second sentence provides for mandatory withdrawal, stating that the district court "shall, on timely motion of a party, . . . withdraw a [bankruptcy] proceeding if the court determines that resolution of the proceeding requires consideration of title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The statute defines neither "cause" nor "other laws," and the Sixth Circuit has yet to explain either, but we have the following guidance.

As to permissive withdrawal for "cause shown," several federal circuit courts of appeals guide courts to "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th

Cir.1985)). The Second Circuit suggests the Court weigh the following factors: (1) whether the claim is core or non-core, (2) the most efficient use of judicial resources, (3) the delay and costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (1996).

As to mandatory withdrawal for consideration of "other laws," district courts in this circuit and elsewhere have determined that the other law must be "'substantial and material' . . . non-Bankruptcy Code law [that] 'is necessary for the resolution . . . of [the] case.'" *Holland v. LTV Steel Co., Inc.*, 288 B.R. 770, 773 (N.D. Ohio 2002) (quoting *In re White Motor Corp.*, 42 B.R. 693, 703-04) (N.D. Ohio 1984)). Courts have generally interpreted this statute restrictively. *See id.* at 772 (citing *In re S. Indus. Mechanical Corp.*, 266 B.R. 827 (W.D. Tenn. 2001), and *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996)). Accordingly, the Court's consideration of those "'substantial and material' [non-Bankruptcy Code laws must] involve more than mere rote application of the provisions of a federal law." *Id.* at 773 (quoting *In re Federated Dep't Stores, Inc.*, 189 B.R. 142, 144 (S.D. Ohio 1995) (citing *In re Americana Expressways, Inc.*, 161 B.R. 707, 714-15 (D. Utah 1993))). That is, the pertinent inquiry is not whether the Court must merely *apply* non-Bankruptcy Code law, rather whether the Court must *interpret* that non-Bankruptcy Code law. *Id.*

As the moving party, Warren bears the burden of persuading the Court to withdraw the reference. *See In re Vicars*, 96 F.3d at 955.

**B. Analysis**

Warren moves only for mandatory withdrawal, i.e. withdrawal pursuant to the second sentence of 28 U.S.C. § 157(d). The Court will nonetheless *sua sponte* also consider Warren's argument as one for permissive withdrawal for cause shown.

As to mandatory withdrawal, the non-Bankruptcy Code federal law at issue here is Warren's constitutional right to due process of law. The Fifth Amendment to the United States Constitution provides that no person "shall . . . be deprived of life, liberty, or property, without due process of law." Warren contends that this amendment gives him the right to serve discovery on the Trustee, and that the Trustee may not continue to assert privilege under 28 C.F.R. § 16.21 *et seq.* Warren argues that he must have the discovery he requests in order to prepare for the hearing that might deprive him of money. In terms of weight, one's constitutional right to due process of law is gigantic. And determining the scope and effect of Warren's due process rights in the course of this matter would require a court to interpret substantial federal law beyond the Bankruptcy Code. As such, the Court finds that 27 U.S.C. § 157(d) compels mandatory withdrawal. *See Holland*, 288 B.R. 773, cited and discussed in pt. A, *supra*.

The Court also finds that Warren's motion constitutes cause shown under 27 U.S.C. § 157(d) to warrant permissive withdrawal. Warren has the right to appeal to this Court any decision of the bankruptcy court directly pecuniarily adverse to him. *In re Trailer Source, Inc.*, 555 F.3d 231, 235 (6th Cir. 2009). By clearing up discovery disputes now, the Court will prevent possibly duplicative litigation, streamlining the course of the bankruptcy litigation in line with the Second Circuit's *Burger Boys* advice. 94 F.3d at 762.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** movant's unopposed Motion to Withdraw the Reference of the case styled *In re Lloyd B. Maynard* now pending in the United States

Bankruptcy Court for the Southern District of Ohio, Case No. 14-55375. The Court withdraws the reference for the limited purpose of handling the discovery dispute between attorney for Debtor and the United States Trustee concerning the Trustee's motion to review attorneys' fees in the bankruptcy matter.

**IT IS SO ORDERED.**

                                                 **s/Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
**Dated: April 13, 2016**                  **UNITED STATES DISTRICT COURT**